```
               IN THE UNITED STATES DISTRICT COURT

                     FOR THE DISTRICT OF HAWAII

KATRINA RUCKER,                   )  CIVIL NO. 16-00492 HG-KSC
                                  )
          Plaintiff,              )  ORDER GRANTING DEFENDANT'S
vs.                               )  MOTION FOR ATTORNEY'S FEES
                                  )
                                  )
AIR VENTURES HAWAII, LLC,         )
                                  )
          Defendant.              )
                                  )
_____    )
```

ORDER GRANTING DEFENDANT'S MOTION FOR ATTORNEY'S FEES

Before the Court is Defendant Air Ventures Hawaii, LLC's ("Defendant") Motion for Attorney's Fees, filed July 27, 2017. Plaintiff Katrina Rucker ("Plaintiff") did not file an opposition to Defendant's Motion. After careful consideration of Defendant's submissions and the applicable law, the Court HEREBY GRANTS the Motion for the reasons stated below.

BACKGROUND

Between April 14 and 18, 2017, Plaintiff mailed (via certified mail) subpoenas to Defendant,[1] commanding the production of documents by April 28, 2017. The subpoenas were addressed to Defendant's (1) General Manager Jill Briley; (2) liability insurance company adjuster Shari Thompson; and (3) pilots Eric Johnson, Brian Fitchett, Paul Fulghum, and Harry Dalsay. With respect to Messrs. Johnson,

---

[1] The subpoenas were mailed directly to Defendant, not to counsel.

Fitchett, Fulghum, and Dalsay, the subpoenas requested "[a]ll school records (elementary to present), all psychological evaluations, church records, military records, a fifty year employment history list, and all safety training classes attended. Bank records January 2014 to present." Doc. No. 91, Ex. A. The same information was requested of Ms. Briley, along with 39 additional categories of documents. Id.

On June 28, 2017, this Court issued an Order Granting (1) Defendants' Motion to Quash Plaintiff's Subpoenas Dated April 14, 2017 and (2) Starr Adjustment Services, Inc.'s Motion to Quash Subpoena Dated April 18, 2017 ("Order"). Doc. No. 110. The Court quashed multiple subpoenas because Plaintiff failed to obtain the signature of the Clerk of Court; she failed to personally serve the subpoenas; and the subpoenas were unduly burdensome and failed to allow reasonable time to comply.

## DISCUSSION

Defendant requests $1,845.00 in attorneys' fees against Plaintiff due to her violation of Federal Rules of Civil Procedure ("FRCP") 26(g)(1)(B) and 45(d)(1). FRCP 45(d)(1) provides:

> A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction--which may include lost earnings and reasonable attorney's fees--on a party or attorney

2

who fails to comply.

Fed. R. Civ. P. 45(d)(1). FRCP 45(d)(1) sanctions are discretionary, Legal Voice v. Stormans, Inc., 738 F.3d 1178, 1185 (9th Cir. 2013), and "courts have discretion over the type and degree of sanction imposed." Mount Hope Church v. Bash Back!, 705 F.3d 418, 425 (9th Cir. 2012). One form of permissible sanction is payment of the opposing counsel's attorneys' fees. Id.

A party is not exposed to sanctions merely because it has lost a motion to compel. Legal Voice, 738 F.3d at 1185 (citing Mount Hope Church, 705 F.3d at 425-27). "Similarly, while failure narrowly to tailor a subpoena may be a ground for sanctions, the district court need not impose sanctions every time it finds a subpoena overbroad; such overbreadth may sometimes result from normal advocacy, which we have said should not give rise to sanctions." Id. (citing Mount Hope Church, 705 F.3d at 426). Sanctions may be imposed, however "when a party issues a subpoena in bad faith, for an improper purpose, or in a manner inconsistent with existing law." Id. (citing Mount Hope Church, 705 F.3d at 425, 428; Mattel, Inc. v. Walking Mountain Prods., 353 F.3d 792, 814 (9th Cir. 2003)).

FRCP 26(g)(1)(B) "requires parties seeking discovery to act (1) consistently with the rules of existing law or with good reason to change the law; (2) without bad faith; and (3)

reasonably without imposing undue burden or expense considering the needs of the case." Mount Hope Church, 705 F.3d at 425. A violation of any of these duties without substantial justification mandates the imposition of an appropriate sanction, such as reasonable expenses, including attorneys' fees, caused by the violation. Id.; Fed. R. Civ. P. 26(g)(3).[2] "Because Rule 45[(d)](1) gives 'specific application' to Rule 26(g), it follows that a violation of any one of the Rule 26 duties will be relevant to assessing propriety of sanctions under Rule 45[(d)](1)'s 'undue burden' language." Mount Hope Church, 705 F.3d at 425.

Here, an award of sanctions is appropriate because the subpoenas imposed an undue burden on Defendant, they were inconsistent with existing law, and they were for an improper purpose. As already noted, Plaintiff failed to obtain the signature of the Clerk of Court; she failed to personally serve the subpoenas; and the subpoenas were unduly burdensome and failed to allow reasonable time to comply. The failure to obtain

---

[2] FRCP 26(g)(3) provides:

> If a certification violates this rule without substantial justification, the court, on motion or on its own, must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both. The sanction may include an order to pay the reasonable expenses, including attorney's fees, caused by the violation.

Fed. R. Civ. P. 26(g)(3).

4

the Clerk of Court's signature and to effect personal service is in contravention of FRCP 45's requirements.[3] Moreover, the four-day window to comply imposed an undue burden and was inconsistent with existing law. Finally, the overbreadth and irrelevance of the subpoenas demonstrated that they were issued for an improper purpose. As earlier noted, the subpoenas requested "[a]ll school records (elementary to present), all psychological evaluations, church records, military records, a fifty year employment history list, and all safety training classes attended. Bank records January 2014 to present." Doc. No. 91, Ex. A. The requests far exceeded the bounds of normal advocacy. For these reasons, Defendant is entitled to sanctions in the form of attorneys' fees. Beaver Cty. Employees' Ret. Fund v. Tile Shop Holdings, Inc., No. 16-MC-80076-JSC, 2016 WL 7212308, at *4 (N.D. Cal. Dec. 13, 2016) (awarding sanctions pursuant to FRCP 45(d)(1)); Sec. & Exch. Comm'n v. Schooler, No. 316CV00517MMDWGC, 2016 WL 6821079, at *5 (D. Nev. Nov. 17, 2016) (awarding $10,661.00 in sanctions pursuant to FRCP 45(d)(1)).

A. Fee Award

Hawaii courts calculate reasonable attorneys' fees based on a method that is virtually identical to the traditional

---

[3] Plaintiff inexplicably mailed the subpoenas before obtaining a response to her request for issuance of the subpoenas from the Clerk's office and did not withdraw the subpoena after being informed that it was deficient.

"lodestar" calculation set forth in Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). See DFS Group L.P. v. Paiea Props., 110 Hawai'i 217, 222, 131 P.3d 500, 505 (2006). The court must determine a reasonable fee by multiplying the number of hours reasonably expended by a reasonable hourly rate. Id. at 222-23, 131 P.3d at 505-06.

   1.   Hourly Rates

Defendant requests a $205 hourly rate for its counsel, Stephen Dyer. Mr. Dyer is a senior partner at the firm of Chong, Nishimoto, Sia, Nakamura, & Goya with over 30 years of experience in litigation. The Hawaii courts consider the reasonable hourly rate in a manner virtually identical to the traditional lodestar formulation and some courts have considered federal law in determining a reasonable hourly rate. See, e.g., Reiche v. Ferrera, No. 24449, 2003 WL 139608, at *8 (Haw. Ct. App. Jan. 16, 2003) ("The reasonable hourly rate is that prevailing in the community for similar work." (citing United States v. Metro. Dist. Comm'n, 847 F.2d 12, 19 (1st Cir. 1988)). The Court therefore finds that federal case law on the determination of a reasonable hourly rate is instructive in this case.

In determining the reasonableness of an hourly rate, the experience, skill, and reputation of the attorney requesting fees are taken into account. See Webb v. Ada County, 285 F.3d 829, 840 & n.6 (9th Cir. 2002). The reasonable hourly rate

should reflect the prevailing market rates in the community. See id.; Gates v. Deukmejian, 987 F.2d 1392, 1405 (9th Cir. 1992), as amended on denial of reh'g, (1993) (noting that the rate awarded should reflect "the rates of attorneys practicing in the forum district").

This Court is well aware of the prevailing rates in the community for similar services performed by attorneys of comparable experience, skill and reputation. Based on this Court's knowledge of the community's prevailing rates, the hourly rates generally granted by the Court, the Court's familiarity with this case, and counsel's submissions, this Court finds that Mr. Dyer's $205 hourly rate is manifestly reasonable. See, e.g., Booth v. Wong, No. CIV. 10-00680 DKW-RLP, 2015 WL 4663994, at *3 (D. Haw. July 17, 2015), adopted by 2015 WL 4676343 (D. Haw. Aug. 5, 2015) (finding reasonable a $300 hourly rate for an attorney with 20 years of experience); Pelayo v. Platinum Limousine Servs., Inc., No. CV 15-00023 DKW-KJM, 2016 WL 5402185, at *5 (D. Haw. Sept. 27, 2016) (finding reasonable an hourly rate of $310 for an attorney with 27 years of experience).

2. Hours Expended

Beyond establishing a reasonable hourly rate, a prevailing party seeking attorneys' fees bears the burden of proving that the fees and costs taxed are associated with the relief requested and are reasonably necessary to achieve the

7

results obtained. <u>Tirona v. State Farm Mut. Auto. Ins. Co.</u>, 821 F. Supp. 632, 636 (D. Haw. 1993) (citations omitted). The court must guard against awarding fees and costs which are excessive, and must determine which fees and costs were self-imposed and avoidable. <u>Id.</u> at 637 (citing <u>INVST Fin. Group v. Chem-Nuclear Sys.</u>, 815 F.2d 391, 404 (6th Cir. 1987)). Courts have the "discretion to 'trim fat' from, or otherwise reduce, the number of hours claimed to have been spent on the case." <u>Soler v. G & U, Inc.</u>, 801 F. Supp. 1056, 1060 (S.D.N.Y. 1992) (citation omitted). Time expended on work deemed "excessive, redundant, or otherwise unnecessary" shall not be compensated. <u>See</u> <u>Gates</u>, 987 F.2d at 1399 (quoting <u>Hensley</u>, 461 U.S. at 433-34).

After careful review of Mr. Dyer's time entries, the Court finds that they are reasonable, with the limited exception of his review of a court notice regarding the hearing date on Defendant's motion to quash, which is a clerical task[4] and

---

[4] "[C]lerical or ministerial costs are part of an attorney's overhead and are reflected in the charged hourly rate." <u>HRPT Props. Trust v. Lingle</u>, 775 F. Supp. 2d 1225, 1241 (D. Haw. 2011) (alteration in original) (citations and quotations omitted). The following is a list of tasks previously deemed clerical or ministerial in this district and are therefore non-compensable:

> reviewing Court-generated notices; scheduling dates and deadlines; calendering dates and deadlines; notifying a client of dates and deadlines; preparing documents for filing with the Court; filing documents with the Court; informing a client that a document has been filed; personally delivering documents; bates stamping

8

therefore non-compensable.  Applying this reduction of 0.1 hours, the Court finds that Mr. Dyer reasonably expended 8.9 hours. With the application of Mr. Dyer's $205 hourly rate to the foregoing hours, Defendant reasonably incurred **$1,824.50** in attorneys' fees.

CONCLUSION

In accordance with the foregoing, the Court HEREBY GRANTS Defendant's Motion for Attorney's Fees, filed July 27, 2017.  Defendant is entitled to **$1,842.50** in attorneys' fees. Plaintiff is to remit payment to defense counsel by **October 9, 2017**.

---

> and other labeling of documents; maintaining and pulling files; copying, printing, and scanning documents; receiving, downloading, and emailing documents; and communicating with Court staff.

Haw. Motorsports Inv., Inc. v. Clayton Grp. Servs., Inc., Civ. No. 09-00304 SOM-BMK, 2010 WL 4974867, at *5 (D. Haw. Dec. 1, 2010), adopted by 2010 WL 5395669 (D. Haw. Dec. 22, 2010) (also deeming clerical identification and organization of exhibits); see also, e.g., Yamada v. Weaver, Civil No. 10-00497 JMS-RLP, 2012 WL 6019363, at *10 (D. Haw. Aug. 30, 2012), adopted in pertinent part by 2012 WL 6019121 (D. Haw. Nov. 30, 2012) (deeming clerical work completed on table of authorities).

IT IS SO ORDERED.

DATED:   Honolulu, Hawaii, September 18, 2017.



_____
Kevin S.C. Chang
United States Magistrate Judge

CIVIL NO. 16-00492 HG-KSC; RUCKER V. AIR VENTURES HAWAII, LLC; ORDER GRANTING DEFENDANT'S MOTION FOR ATTORNEY'S FEES