IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

KATRINA RUCKER,

      Plaintiff,

  vs.

AIR VENTURES HAWAII, LLC,

      Defendant.

Civ. No. 16-00492 HG-RLP

**ORDER GRANTING DEFENDANT AIR VENTURES HAWAII, LLC'S MOTION TO DISMISS SECOND AMENDED COMPLAINT (ECF No. 149) WITH PREJUDICE**

In September 2016, Plaintiff Katrina Rucker filed a lawsuit against Defendant Air Ventures Hawaii, LLC. Plaintiff alleges she went on an airplane sight-seeing tour operated by the Defendant and hit her head on the door of the plane when entering. Plaintiff claims Defendant was negligent and seeks damages.

Plaintiff is proceeding pro se. Proceedings have been ongoing for more than fourteen months. Plaintiff has continually failed to follow both the Federal Rules of Civil Procedure and the Local Rules for the District of Hawaii throughout the proceedings.

Plaintiff has filed more than ten frivolous Motions and made numerous subpoena requests in violation of the rules. Plaintiff

1

has been monetarily sanctioned for failure to follow the applicable rules and has not paid the sanction. Plaintiff has repeatedly failed to comply with Court orders and delayed proceedings.

Defendant filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 41(b) for Plaintiff's consistent failure to comply with the Local Rules, the Federal Rules of Civil Procedure, and the Court's orders.

Defendant's Motion to Dismiss (ECF No. 149) is **GRANTED.**

Plaintiff's Second Amended Complaint is **DISMISSED WITH PREJUDICE.**

## PROCEDURAL HISTORY

On September 6, 2016, Plaintiff, proceeding pro se, filed a Complaint. (ECF No. 1).

The next day, on September 7, 2016, Plaintiff filed an AMENDED COMPLAINT. (ECF No. 6).

On September 16, 2016, the District Court issued a Deficiency Order as Plaintiff failed to pay the required filing fee or file an Application to Proceed in District Court Without Prepayment of Fees. (ECF No. 7).

On October 5, 2016, Plaintiff paid the filing fee. (ECF No. 8).

On the same date, Plaintiff filed a MOTION TO AMEND

COMPLAINT.  (ECF No. 9).

Also on October 5, 2016, Plaintiff filed a Motion for
Plaintiff to Use PACER and ECF/Electronic Filing System.  (ECF
No. 10).

On October 6, 2016, the Magistrate Judge issued a Minute
Order denying Plaintiff's request to file documents using the
electronic filing system.  (ECF No. 12).

On October 24, 2016, Plaintiff filed a MOTION FOR
RECONSIDERATION RE: PLAINTIFF'S REQUEST TO FILE DOCUMENTS
ELECTRONICALLY.  (ECF No. 14).

On October 27, 2016, the Magistrate Judge issued an ORDER
DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF PLAINTIFF'S
REQUEST TO FILE DOCUMENTS ELECTRONICALLY.  (ECF No. 16).

On November 14, 2016, Plaintiff filed a NOTICE OF
PLAINTIFF'S UNAVAILABILITY DATES DUE TO SURGERY.  (ECF No. 20).

On November 18, 2016, the Parties filed a CONSENT TO
JURISDICTION BY UNITED STATES MAGISTRATE JUDGE.  (ECF No. 23).

On December 6, 2016, the Magistrate Judge held a hearing on
Plaintiff's Motion to File an Amended Complaint.  (ECF No. 26).
The Magistrate Judge granted the Motion.  Plaintiff was given
leave until December 13, 2016 to file her Second Amended
Complaint.  (Id.)

Plaintiff did not file her Second Amended Complaint by
December 13, 2016.

On December 20, 2016, Plaintiff filed a Second Motion to Amend Complaint. (ECF No. 34).

On December 21, 2016, the Magistrate Judge issued a Minute Order denying Plaintiff's Second Motion to Amend Complaint. (ECF No. 35). The Magistrate Judge extended the deadline for Plaintiff to file her Second Amended Complaint to December 27, 2016. (Id.)

On December 29, 2016, Plaintiff filed her SECOND AMENDED COMPLAINT. (ECF No. 36).

On January 18, 2017, Plaintiff filed a MOTION TO CANCEL SETTLEMENT CONFERENCE AND ALL ATTEMPTS AT MEDIATION. (ECF No. 38).

On the same date, the Magistrate Judge issued a Minute Order denying Plaintiff's Motion to Cancel Settlement Conference and All Attempts at Mediation. (ECF No. 37). The Magistrate Judge permitted Plaintiff to appear by telephone at the settlement conference set for January 23, 2017. (Id.)

On January 23, 2017, the Parties appeared at a settlement conference. (ECF No. 41). A settlement was not reached. (Id.)

On March 7, 2017, Plaintiff filed a MOTION TO FREEZE DEFENDANT'S ASSETS. (ECF No. 51).

On the same date, Plaintiff filed a MOTION FOR THE USE OF ONLY KING'S ENGLISH DURING TRIAL AND DEPOSITIONS. (ECF No. 52).

On March 8, 2017, the Magistrate Judge issued a Minute Order

denying Plaintiff's Motion to Freeze Defendant's Assets and Plaintiff's Motion for the Use of Only King's English During Trial and Depositions. (ECF No. 53).

On March 10, 2017, Plaintiff filed the following motions:

(1) MOTION FOR DEPOSITION TRANSPARENCY AND PROTECTIVE ORDER (ECF No. 54);

(2) MOTION TO PRESERVE EVIDENCE (ECF No. 55);

(3) 2nd MOTION TO FREEZE DEFENDANT'S ASSETS (ECF No. 56);

(4) MOTION FOR JUDGE AND CLERK TRANSPARENCY (ECF No. 57).

On March 13, 2017, the Magistrate Judge issued the following orders:

(1) ORDER DENYING PLAINTIFF'S MOTION FOR DEPOSITION TRANSPARENCY AND PROTECTIVE ORDER (ECF No. 59);

(2) ORDER DENYING PLAINTIFF'S MOTION TO PRESERVE EVIDENCE (ECF No. 61);

(3) ORDER DENYING PLAINTIFF'S SECOND MOTION TO FREEZE DEFENDANT'S ASSETS (ECF No. 62); and,

(4) ORDER DENYING PLAINTIFF'S MOTION FOR JUDGE AND CLERK TRANSPARENCY. (ECF No. 60).

Also on March 13, 2017, Plaintiff filed a document entitled, "MOTION FOR TEMPORARY ORDERS IMMEDIATELY HOLDING ALL DEPOSITIONS AND ALL SUBPOENAS AND REQUEST FOR A HEARING WITH ORAL ARGUMENTS." (ECF No. 63).

On the same date, the Magistrate Judge issued a Minute Order construing Plaintiff's filing as a Motion to Stay Discovery.

(ECF No. 64).  The Magistrate Judge set a status conference on Plaintiff's Motion for March 15, 2017.  (ECF Nos. 64, 65).  The Parties were permitted to appear at the status conference by telephone.  (Id.)

On March 15, 2017, the Magistrate Judge held a Status Conference.  (ECF No. 66).  The Magistrate Judge called Plaintiff twice at the telephone number she provided and she did not answer.  (Id.)  Following the hearing, the Magistrate Judge set a hearing on Plaintiff's Motion to Stay Discovery for May 5, 2017.  (ECF No. 67).

On March 18, 2017, Plaintiff sent letters to the Magistrate Judge accusing employees of the Clerk's Office of discrimination, abuse of power, and failure to provide specific reasons for declining to file certain documents she submitted.  (ECF Nos. 68, 69).

On March 24, 2017, the Magistrate Judge issued a Minute Order addressing Plaintiff's letters and found that there was no basis for Plaintiff's complaints regarding the Clerk's Office.  (ECF No. 70).

On April 13, 2017, Defendant filed an Opposition to Plaintiff's Motion to Stay Discovery.  (ECF No. 77).

On April 17, 2017, Plaintiff filed a MOTION TO FINE DEFENDANT FOR UNETHICAL BEHAVIOR.  (ECF No. 79).

On April 18, 2017, the Magistrate Judge issued a Minute

Order denying Plaintiff's Motion to Fine Defendant for Unethical Behavior. (ECF No. 82).

On April 21, 2017, Plaintiff filed an APPLICATION FOR SUBPOENAS. (ECF No. 86).

On April 24, 2017, Plaintiff filed a SECOND MOTION TO FINE DEFENDANT FOR UNETHICAL BEHAVIOR. (ECF No. 84).

On the same date, the Magistrate Judge issued a Minute Order denying Plaintiff's Second Motion to Fine Defendant for Unethical Behavior. (ECF No. 83).

On April 28, 2017, the Defendant filed a MOTION TO QUASH PLAINTIFF KATRINA RUCKER'S SUBPOENAS DATED APRIL 14, 2017. (ECF No. 91).

Defendant also filed a NOTICE OF OBJECTIONS TO PLAINTIFF KATRINA RUCKER'S SUBPOENAS DATED APRIL 14, 2017. (ECF No. 92).

Also on April 28, 2017, Starr Adjustment Services, Inc. filed a Motion to Quash a Subpoena filed by Plaintiff. (ECF No. 89). Starr Adjustment Services, Inc.'s Motion was filed as a Miscellaneous Case No. MC 17-00133DKW-KSC. (ECF No. 89).

On May 3, 2017, Plaintiff submitted a letter requesting issuance of subpoenas. (ECF No. 95).

On May 5, 2017, the Magistrate Judge held a hearing on Plaintiff's Motion to Stay Discovery. (ECF NO. 94).

On May 15, 2017, the Magistrate Judge issued an ORDER DENYING PLAINTIFF KATRINA RUCKER'S MOTION FOR TEMPORARY ORDERS

IMMEDIATELY HOLDING ALL DEPOSITIONS AND ALL SUBPOENAS AND REQUEST FOR HEARING WITH ORAL ARGUMENT FILED MARCH 13, 2017.  (ECF No. 97).

On June 19, 2017, Plaintiff filed a REQUEST TO ATTEND ALL HEARINGS/CONFERENCES/MEETINGS REQUIRED BY THE COURT VIA PHONE.  (ECF No. 106).

On June 21, 2017, the Magistrate Judge issued a Minute Order denying Plaintiff's Request.  (ECF No. 108).

On June 27, 2017, the Magistrate Judge held a hearing on Defendant's Motion to Quash Plaintiff Katrina Rucker's Subpoenas Dated April 14, 2017.  (ECF No. 109).

On June 28, 2017, the Magistrate Judge issued an ORDER GRANTING (1) DEFENDANT'S MOTION TO QUASH PLAINTIFF'S SUBPOENAS DATED APRIL 14, 2017 AND (2) STARR ADJUSTMENT SERVICES, INC.'S MOTION TO QUASH SUBPOENA DATED APRIL 18, 2017.  (ECF No. 110).

On July 10, 2017, Plaintiff filed a LETTER REQUEST FOR ISSUANCE OF SUBPOENAS.  (ECF No. 112).

On July 21, 2017, Plaintiff filed a document entitled, "PLAINTIFF'S REQUEST FOR MEDICAL ACCOMMODATIONS AND REMOVAL OF ALL MISCELLANEOUS CASES."  (ECF No. 113).

On July 25, 2017, the Magistrate Judge issued a Minute Order denying Plaintiff's Request.  (ECF No. 114).

On July 27, 2017, Defendant filed DEFENDANT AIR VENTURES HAWAII, LLC'S MOTION FOR ATTORNEY'S FEES.  (ECF No. 117).

On August 7, 2017, Plaintiff filed a document entitled, "PLAINTIFF'S MOTION TO RECUSE KEVIN CHANG AS PRESIDING JUDGE FOR CIVIL CASE NUMBER 16-00492 AND HEARING REQUEST." (ECF No. 120).

On August 10, 2017, Plaintiff filed a second "MOTION TO RECUSE KEVIN CHANG AS PRESIDING JUDGE." (ECF No. 122).

On September 7, 2017, Defendant filed a MEMORANDUM IN OPPOSITION TO PLAINTIFF KATRINA RUCKER'S MOTION TO RECUSE. (ECF No. 124).

On September 13, 2017, Plaintiff filed a document entitled, "MOTION FOR DEFENDANT TO DEFINE CONDITIONS FOR ACUIRING EVIDENCE." (ECF No. 125).

On the same date, Plaintiff filed a document entitled, "MOTION FOR DEFENDANT TO RELEASE INTERRATORIES TO PLAINTIFF." (ECF No. 126).

Also on September 13, 2017, Plaintiff filed a MOTION FOR A UNITED STATES DISTRICT JUDGE. (ECF No. 127).

On September 14, 2017, Defendant filed DEFENDANT AIR VENTURES HAWAII, LLC'S SUBMISSION OF UNCITED LEGAL AUTHORITY IN REFERENCE TO PLAINTIFF KATRINA RUCKER'S MOTION TO RECUSE KEVIN CHANG AS PRESIDING JUDGE FOR CIVIL CASE NUMBER 16-00492 FILED AUGUST 7, 2017. (ECF No. 128).

On September 15, 2017, the Magistrate Judge issued a Minute Order denying Plaintiff's "MOTION FOR DEFENDANT TO DEFINE CONDITIONS FOR ACUIRING EVIDENCE" and "MOTION FOR DEFENDANT TO

RELEASE INTERRATORIES TO PLAINTIFF." (ECF No. 129).

On the same date, the Magistrate Judge issued a Minute Order construing Plaintiff's Motion for a United States District Judge as a revocation of Plaintiff's consent to have the case adjudicated by the Magistrate Judge. (ECF No. 130).

Following the Minute Order, on September 15, 2017, the case was reassigned to United States District Judge Helen Gillmor. (ECF No. 131).

On September 19, 2017, the Magistrate Judge issued an ORDER GRANTING DEFENDANT'S MOTION FOR ATTORNEY'S FEES. (ECF No. 133).

On September 20, 2017, Plaintiff filed a document entitled, "CERTIFICATE OF SERVICE: HAWAII BAR ASSOCIATION COMPLAINT AGAINST STEPHEN DYER." (ECF No. 134).

On September 27, 2017, the Magistrate Judge issued a Minute Order denying as moot Plaintiff's "Motion to Recuse Kevin Chang as Presiding Judge." (ECF No. 135).

On the same date, Plaintiff filed a third "MOTION TO RECUSE KEVIN CHANG AS PRESIDING JUDGE FOR CIVIL CASE NUMBER 16-00492 AND HEARING REQUEST." (ECF No. 136).

On September 28, 2017, the Magistrate Judge issued another Minute Order denying Plaintiff's "Motion to Recuse Kevin Chang as Presiding Judge." (ECF No. 138).

On October 3, 2017, Plaintiff sent a letter to the Magistrate Judge entitled "PLAINTIFF'S RESPONSE TO JUDGE'S

REQUEST FOR ADVICE ON RECUSAL HEARING."  (ECF No. 140).

On the same date, Magistrate Judge Chang issued an ORDER OF RECUSAL.  (ECF No. 141).  Magistrate Judge Puglisi was reassigned as the Magistrate Judge.  (ECF No. 142).

On October 11, 2017, Defendant filed DEFENDANT AIR VENTURES HAWAII, LLC'S MOTION TO DISMISS SECOND AMENDED COMPLAINT.  (ECF No. 149).

On November 3, 2017, Plaintiff filed a document entitled, "PLAINTIFF'E RESPONSE TO DEFENDANT'S REQUEST TO DISMISS SECOND AMMNEDED COMPLAINT."  (ECF No. 153).

On November 20, 2017, Defendant filed DEFENDANT AIR VENTURES HAWAII, LLC'S REPLY IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT FILED 10/11/2017.  (ECF No. 164).

## STANDARD OF REVIEW

District Courts retain broad discretion to control their dockets and in the exercise of that power may impose sanctions including, where appropriate, dismissal.  Thompson v. Housing Authority of City of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986) (per curiam).

Federal Rule of Civil Procedure 41(b) provides:

If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.  Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule – except one for lack of jurisdiction, improper

venue, or failure to join a party under Rule 19 —
operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b) grants district courts discretion to dismiss an action for failure to comply with federal or local rules of civil procedure, failure to prosecute, or failure to comply with the court's orders.  Hells Canyon Pres. Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005).

The Local Rules of Practice for the United States District Court for the District of Hawaii also authorize dismissal when a party fails to comply with the rules.  District of Hawaii Local Rule 11.1 ("Failure of counsel or of a party to comply with any provision of these rules is a ground for imposition of sanctions, including a fine, dismissal, or other appropriate sanction.").

## ANALYSIS

A case may be dismissed involuntarily for failure to comply with the federal rules of procedure, failure to comply with the local rules of procedure, or failure to comply with a court order pursuant to Federal Rule of Civil Procedure 41(b).  Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam).

To determine if dismissal is warranted, the District Court must consider:

(1)  the public's interest in expeditious resolution of litigation;

(2)   the court's need to manage its docket;

(3)   the risk of prejudice to the defendant;

(4)   the availability of less drastic alternatives; and,

(5)   the public policy favoring disposition of cases on their merits.

In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006).

## 1.   Public's Interest In Expeditious Resolution Of Litigation

The Ninth Circuit Court of Appeals has stated that "the public's interest in expeditious resolution of litigation always favors dismissal." Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999).

In this case, proceedings commenced on September 6, 2016. Plaintiff has caused unreasonable delays in the fourteen months of proceedings up through November 2017.

On December 6, 2016, the Magistrate Judge held a hearing on Plaintiff's Motion to Amend Complaint.  (ECF No. 26).  The Magistrate Judge granted Plaintiff leave to her file her Second Amended Complaint by December 13, 2016.  (Id.)  Plaintiff did not comply with the Magistrate Judge's order.

On December 20, 2016, a week after the deadline for Plaintiff to file her Second Amended Complaint, Plaintiff filed a Second Motion to Amend Complaint.  (ECF No. 34).  The Magistrate

Judge denied Plaintiff's Second Motion, but he granted her an
extension of time to file her Second Amended Complaint by
December 27, 2016. (ECF No. 35). Plaintiff again failed to
comply with the Magistrate Judge's order. Plaintiff filed her
Second Amended Complaint two days late, on December 29, 2016.
(ECF No. 36).

Plaintiff delayed proceedings significantly over the
fourteen months by filing frivolous motions that were neither
based in law or fact. Plaintiff filed numerous Motions in
violation of the Federal Rules of Civil Procedure and the Local
Rules for Practice in the United States District Court for the
District of Hawaii. Plaintiff has continued to file frivolous
Motions that wasted judicial resources despite notice that her
Motions violated the rules.

On January 18, 2017, Plaintiff filed a Motion to Cancel
Settlement Conference. (ECF No. 38). The Magistrate Judge
denied the Motion but allowed Plaintiff to participate at the
settlement conference by telephone. (ECF No. 37).

On March 7, 2017, Plaintiff filed a "Motion to Freeze
Defendant's Assets" and a "Motion for Use of Only King's
English." (ECF Nos. 51, 52). Both Motions were frivolous, had
no basis in law or fact, and were denied. (ECF No. 53).

Three days later, Plaintiff filed additional frivolous
Motions. On March 10, 2017, Plaintiff filed a "Motion for

Deposition Transparency and Protective Order," a "Motion to Preserve Evidence," a "Second Motion to Freeze Defendant's Assets," and a "Motion for Judge and Clerk Transparency." (ECF Nos. 54, 55, 56, 57).

On March 13, 2017, the Magistrate Judge issued four separate Orders denying Plaintiff's Motions. (ECF Nos. 59, 60, 61, 62). The Magistrate Judge's Orders explained that Plaintiff's Motions failed to comply with the rules and had no basis in law or fact.

Plaintiff attempted to delay proceedings further on March 13, 2017, by filing a Motion entitled "MOTION FOR TEMPORARY ORDERS IMMEDIATELY HOLDING ALL DEPOSITIONS AND ALL SUBPOENAS AND REQUEST FOR A HEARING WITH ORAL ARGUMENT." (ECF No. 63). The Magistrate Judge held a Status Conference as to Plaintiff's Motion but she failed to attend the hearing and did not answer calls at the telephone number she provided to the Court. (ECF No. 66). The Magistrate Judge continued the hearing until May 5, 2017. The Magistrate Judge denied Plaintiff's Motion on May 15, 2017. (ECF No. 97).

Plaintiff filed additional frivolous Motions in April 2017. On April 17, 2017, Plaintiff filed a "Motion to Fine Defendant for Unethical Behavior." (ECF No. 79). The Magistrate Judge issued a Minute Order the following day denying Plaintiff's Motion and explaining that despite prior warnings, Plaintiff continued to violate the Federal Rules of Civil Procedure and the

15

Local Rules.  The Minute Order stated,

> The Court has previously warned Plaintiff that she must
> comply with all applicable rules and statutes in
> presenting motions to the Court.  This Motion fails to
> comply with the Local Rules and Plaintiff has failed to
> cite any legal authority to support her request.  As
> the Court has explained on multiple occasions,
> Plaintiff's pro se status does not excuse her from
> complying with all applicable rules and statutes.
> Local Rule 83.13.  Plaintiff is cautioned that her
> continued violation of the rules may result in the
> imposition of sanctions.

(Minute Order dated April 18, 2017, ECF No. 82).

Three days later, on April 21, 2017, Plaintiff filed a

Second "Motion to Fine Defendant for Unethical Behavior."  (ECF

No. 84).

On April 24, 2017, the Magistrate Judge issued a Minute

Order denying Plaintiff's Second Motion to Fine Defendant for

Unethical Behavior.  (ECF No. 83).  The Minute Order warned

Plaintiff that continued violation of the rules may result in

sanctions.  The Magistrate Judge explained,

> As is Plaintiff's usual practice, she has not cited a
> single legal authority for the relief sought and she
> has not complied with any applicable rules.  The Court
> has now admonished Plaintiff on multiple occasions that
> she must comply with all applicable rules and statutes.
> In its 4/18/17 Entering Order, the Court cautioned
> Plaintiff that her continued violation of the rules may
> result in the imposition of sanctions.
>
> Plaintiff is HEREBY WARNED that the next motion she
> files that does not comply with all applicable rules
> and statutes and that does not cite a legal basis for
> relief will result in the imposition of sanctions
> against her.  Plaintiff's stream of meritless and
> unsupported motions are wasting valuable judicial
> resources and causing a disproportionate of time to be

16

expended....

(Minute Order dated April 24, 2017, ECF No. 83).

Despite the Magistrate Judge's warning, Plaintiff continued to file documents and Motions that did not comply with the rules. On May 3, 2017 and July 10, 2017, Plaintiff sent letters requesting issuance of subpoenas in violation of the rules. (ECF Nos. 95, 112). On July 21, 2017, Plaintiff filed a Motion, entitled "PLAINTIFF'S REQUEST FOR MEDICAL ACCOMODATIONS AND REMOVAL OF ALL MISCELLANEOUS CASES," in violation of the rules. (ECF No. 114).

On September 13, 2017, Plaintiff filed more frivolous Motions that were in violation of the rules. The Motions were entitled, "MOTION FOR DEFENDANT TO DEFINE CONDITIONS FOR ACUIRING EVIDENCE" and "MOTION FOR THE DEFENDANT TO RELEASE INTERRATORIES TO PLAINTIFF" (ECF Nos. 125, 126). The Magistrate Judge denied the Motions. (ECF NO. 129).

On September 19, 2017, the Magistrate Judge issued an ORDER GRANTING DEFENDANT'S MOTION FOR ATTORNEY'S FEES. (ECF No. 133). The Magistrate Judge ordered Plaintiff to pay $1,842.50 in attorneys' fees to Defendant as a result of her tactics in issuing subpoenas that "imposed an undue burden on Defendant, ... were inconsistent with existing law, and ... were for an improper purpose." (Order at p. 4, ECF No. 133). The Magistrate Judge explained that Plaintiff's subpoenas failed to comply with the

17

Federal Rules of Civil Procedure because "Plaintiff failed to obtain the signature of the Clerk of Court; she failed to personally serve the subpoenas; and the subpoenas were unduly burdensome and failed to allow reasonable time to comply." (Id.)

Plaintiff was ordered to pay the fees by October 9, 2017. Defendant has stated that Plaintiff has not complied with the Magistrate Judge's Order. (Def.'s Motion at p. 9, ECF No. 149-1; Pla.'s Response at p. 2, ECF No. 153).

It is beyond dispute that Plaintiff has caused undue delay in the proceedings. Plaintiff missed multiple deadlines and made untimely requests for extensions and stays of discovery. Plaintiff has filed numerous burdensome, meritless motions that have wasted judicial resources. The first factor weighs heavily in favor of dismissal. ST Ventures, LLC v. KBA Assets and Acquisitions, 699 Fed. Appx. 631, 632 (9th Cir. Oct. 17, 2017) (finding the plaintiff's missed deadlines, requests for extensions, unreasonable delay, and disorganization favor dismissal).

**2.   The Court's Need To Manage Its Docket**

The trial judge is in the best position to determine if the delay in a particular case interferes with docket management and the public interest. Pagtalunan, 291 F.3d at 642.

Here, Plaintiff has improperly filed numerous documents

18

including letters, notices, certificates of service, and subpoenas. (See e.g., ECF Nos. 20, 38, 42, 43, 68, 69, 85, 86). Plaintiff has attempted to file documents in violation of the rules and sent correspondence to the Court through improper means.

On March 10, 2017, the Clerk of Court sent a letter to Plaintiff to explain that her attempts to file discovery materials were in violation of the Federal Rules of Civil Procedure. (ECF No. 58).

In response, on March 18, 2017, Plaintiff sent letters to the Magistrate Judge accusing employees of the Clerk's Office of discrimination, abuse of power, and failure to provide specific reasons for declining to file certain documents she submitted. (ECF Nos. 68, 69).

On March 24, 2017, the Magistrate Judge issued a Minute Order addressing Plaintiff's letters and found that there was no basis for Plaintiff's complaints regarding the Clerk's Office. (ECF No. 70).

Plaintiff continued to burden the Clerks Office and the Court with her improper filings. On April 24, 2017, the Clerk of Court sent a letter to Plaintiff to inform her that the subpoenas she submitted did not comply with the rules. (ECF No. 87). On September 27, 2017, Plaintiff sent a correspondence by e-mail to the Magistrate Judge's Chambers in violation of the rules. (ECF

No. 137).

Plaintiff's numerous late, meritless, and frivolous filings and Motions have interfered with the Court's ability to manage its docket. Plaintiff's filings have consumed an inordinate amount of the Court's resources and time. The Court must be able to manage its docket without being subject to continuous, repeated noncompliance by a pro se plaintiff. Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992).

The second factor also weighs heavily in favor of dismissal.

### 3.    The Risk Of Prejudice To The Defendant

To establish prejudice, a defendant must prove that plaintiff's actions impaired the defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case. Malone v. United States Postal Serv., 833 F.2d 128, 131 (9th Cir. 1987). Unnecessary, lengthy delay by the plaintiff creates a presumption of prejudice to the defendant. Pagtalunan, 291 F.3d at 643; In re PPA, 460 F.3d at 1227.

Here, Plaintiff's actions have impaired the Defendant's ability to proceed to trial. Plaintiff's numerous, meritless pleadings have created consistent delays and incurred Defendant significant attorneys' fees. Plaintiff has been ordered to pay a portion of Defendant's attorneys' fees on account of her repeated failure to comply with the rules. Plaintiff has not paid the

attorneys' fees.  There is significant risk that Defendant will face continued prejudice based on Plaintiff's unreasonable delays.

The third factor supports dismissal pursuant to Fed. R. Civ. P. 41(b).

### 4.    The Availability Of Less Drastic Alternatives

Plaintiff has been warned numerous times that dismissal may be warranted based on her continued failure to comply with the rules and Court orders.  Despite the warnings, Plaintiff has continued to file frivolous motions with no basis in law or fact in violation of both the Federal Rules of Civil Procedure and the Local Rules.  Plaintiff has refused to comply with Court orders and continues to violate the rules.  Plaintiff has not paid the monetary sanctions imposed on September 19, 2017 as of the date of this Order.

The Court has already imposed less drastic alternatives and there are no other alternatives possible.  See Namohala v. Maeda, Civ. No. 11-cv-00786JMS-KSC, 2014 WL 584256, *5 (D. Haw. Feb. 11, 2014).  The fourth factor favors dismissal.

### 5.    Public Policy Favoring Disposition Of Cases on Their Merits

Public policy favors disposition of cases on the merits and this factor will nearly always weigh against dismissal.

Hernandez v. City of El Monte, 138 F.3d 393, 401 (9th Cir. 1998).
The fifth factor, however, must be balanced against the weight of
the other four factors in determining if dismissal is appropriate
pursuant to Fed. R. Civ. P. 41(b). Namohala, 2014 WL 584256, *5.

Here, the first four factors all favor dismissal of the
case. The public policy in favor of adjudication on the merits
does not outweigh the other factors. Plaintiff's continued
delaying tactics, failure comply with the rules, refusal to
comply with Court orders, and waste of judicial resources has
prevented an adjudication on the merits.

Dismissal is warranted pursuant to Federal Rule of Civil
Procedure 41(b).

### CONCLUSION

Defendant's Motion to Dismiss (ECF No. 149) is **GRANTED.**

Plaintiff's Second Amended Complaint is **DISMISSED WITH
PREJUDICE.**

The Clerk of the Court is ordered to **CLOSE THE CASE.**

IT IS SO ORDERED.

DATED:   Honolulu, Hawaii, December 6, 2017.

Helen Gillmor
United States District Judge

Katrina Rucker v. Air Ventures Hawaii, LLC; Civ. No. 16-00492 HG-
RLP; **ORDER GRANTING DEFENDANT AIR VENTURES HAWAII, LLC'S MOTION
TO DISMISS SECOND AMENDED COMPLAINT (ECF No. 149) WITH PREJUDICE**